76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles CRUDDEN, Defendant-Appellant.
 No. 94-30349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 27, 1995.*
Decided Jan. 18, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Crudden appeals his sentence imposed following a conviction for two counts of sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) and 18 U.S.C. § 7. Crudden contends that the district court erred by applying the vulnerable victim enhancement to his sentence pursuant to U.S.S.G. § 3A1.1 because: (1) the victim's vulnerability was the result of voluntary intoxication; (2) the victim was not targeted because of her vulnerability; and (3) the age of the victim was specifically incorporated into the offense guideline. We reject these contentions and affirm the sentence.
 
 
 3
 United States Sentencing Commission, Guidelines Manual, § 3A1.1 (Nov. 1994) provides:
 
 
 4
 If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.
 
 
 5
 The commentary accompanying U.S.S.G. § 3A1.1 states in pertinent part: "This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." U.S.S.G. § 3A1.1, comment. (n. 1).
 
 
 6
 Knowledge of a victim's unusual vulnerability coupled with criminal conduct triggers the vulnerable victim adjustment. The defendant need not target a victim because of his or her vulnerability in order for § 3A1.1 to apply. Rather, § 3A1.1 requires only that the defendant should have known that the victim was vulnerable. United States v. O'Brien, 50 F.3d 751, 755-56 (9th Cir.1995); United States v. Boise, 916 F.2d 497, 506 (9th Cir.1990), cert. denied, 500 U.S. 934 (1991); United States v. Luscier, 983 F.2d 1507, 1514 (9th Cir.1993).
 
 
 7
 In the present case, the district court properly found that the defendant was aware of the victim's unusual vulnerability because she was intoxicated and sleeping at the time of the sexual abuse. The victim's mental and physical condition prevented her from resisting the abuse. Therefore, the district court was correct in applying the vulnerable victim adjustment to the defendant's sentence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 43(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3